


**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| **JUDITH CAIN BASS AND JOHN BASS, PLAINTIFFS** | § | |
| **VS.** | § | **CIVIL ACTION NO.** 3:14cv360TSL-JMR |
| **HIRSCHBACH MOTOR LINES, INC.; WILLIE B. JAMES, JR.; AND JOHN DOES 1-5, DEFENDANTS** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT
(TRIAL BY JURY REQUESTED)**

COME NOW, Judith Cain Bass and John Bass, by and through counsel, pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure, and file this Complaint against HIRSCHBACH MOTOR LINES, INC.; WILLIE B. JAMES, JR. and JOHN DOES 1-5 (hereinafter collectively referenced as "Defendants"), and in support thereof would respectfully show unto the Court as follows:

I.

JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

II.

PARTIES

3. Plaintiffs, Judith Cain Bass and John Bass, husband and wife, are adult resident citizens of Hinds County, Mississippi and reside at 1035 Adkins Boulevard; Jackson, Mississippi 39211.

4. Defendant, Hirschbach Motor Lines, Inc., is a foreign corporation which is not registered to do business in the State of Mississippi. Hirschbach Motor Lines, Inc. has its principal place of business at 18355 U.S. Highway 20; East Dubuque, Illinois 61025. Under Mississippi's Long Arm Statute, this Defendant may be served with process via the Mississippi Secretary of State's Office. *Miss Code Ann. § 13-3-57.*

5. Defendant, Willie B. James, Jr., is an adult resident citizen of Louisiana and resides at 2929 Anne Street; Monroe, Louisiana 71202-6744. This Defendant may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure where he may be found.

6. John Does 1-5 are known and unknown Defendants unknown individuals, corporations, partnerships or other entities that may be liable for all or part of the negligence giving rise to this suit. At such time as any person or entity is know, Plaintiffs shall amend this Complaint upon receipt of the court's grant of leave to amend same.

III.

FACTS

7. On or about April 4, 2014[1], Plaintiff, Judith Cain Bass (Mrs. Bass), was driving south in her Toyota Corolla vehicle in the outside lane of Highway I-55 in Jackson, Mississippi, near the intersection of Meadowbrook Road and I-55. At the time of the collision complained of

[1] The Jackson Police preliminary Vehicle Crash Report, Case No. 14-059368, mistakenly notes that date at "4/14/14," when the collision actually occurred on 4/4/14. See Exhibit "A."

herein, Willie B. James, Jr., was driving a Hirshbach Motor Lines, Inc., tractor trailer truck south on I-55 in the middle lane next to Mrs. Bass. Mrs. Bass's Toyota was beside the right front of the Hirshbach tractor when defendant James quickly moved right and into the outside lane of traffic occupied by Mrs. Bass, violently striking the rear quarter panel of her vehicle. The severe impact heavily damaged Mrs. Bass's vehicle, knocking out all the glass and thrusting her Toyota in front of the tractor-trailor, which was traveling at approximately 50-55 miles per hour. Defendant, Willie B. James Jr., was so inattentive at the time of the collision that he not only failed to check for traffic in the outside lane before moving right, but after striking Mrs. Bass's vehicle ***he pushed it down the interstate an estimated distance of 1/4 of a mile to the Lakeland Exit at an estimated speed of 50-55 miles an hour without ever realizing he had struck Mrs. Bass's car!*** (See Exhibit "B," a copy of the Mississippi Uniform Accident Report.) Not only was Mrs. Bass physically injured by the initial impact but she also suffered unmitigated terror as Defendant, Willie B. James, Jr.—totally oblivious to the collision—pushed Mrs. Bass's car down the interstate.

8. As a direct and proximate result of said accident Mrs. Bass suffered physical and emotional injuries, including but not limited to neck and back injuries, severe mental and emotional trauma, and exacerbation of a pre-existing condition involving prior injuries to her pelvis and tail-bone from which she had reached a long but successful recovery.

9. Plaintiff, Judith Cain Bass, suffered and will continue to suffer great physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life and other damages more specifically set for below as a result of this incident, requiring continued care, treatment and medication. Further, as a result of the accident in question, Judith Cain Bass suffered permanent physical pain, impairment, disfigurement, and loss of past, present and future

income. As a result of the accident in question, Plaintiff, John Bass, suffered loss of consortium, including but not limited to loss of the economic, social, physical, societal and emotional benefits previously provided by his wife, Judith Cain Bass.

10. Upon information and belief, Defendant, Willie B. James, Jr., was the agent, servant and/or employee of Defendant Hirschbach Motor Lines, Inc. and was in the course and scope of his employment at all relevant times prior, during and after the accident in question.

11. During all the times herein mentioned, Defendant Hirschbach Motor Lines, Inc. was the owner of the tractor trailer truck, which at the time of the aforementioned accident, was being driven by Willie B. James, Jr., an agent, servant and/or employee of Defendant Hirschbach Motor Lines, Inc., during the course and scope of his employment for Hirschbach Motor Lines, Inc., with express permission and consent and for the benefit of Hirschbach Motor Lines, Inc.

12. As a result, defendant, Hirschbach Motor Lines, Inc. is responsible both for Willie B. James, Jr. 's actions, inaction, and/or conduct pursuant to the doctrine of respondeat superior as well as for any negligence of its own.

IV.

NEGLIGENCE (HIRSCHBACH MOTOR LINES, INC.)

13. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

14. At the time and on the occasion in question, Defendant, Hirschbach Motor Lines, Inc., by and through its agent, employee and/or servant, Willie B. James, Jr., possessed a duty of ordinary care while conducting business in Mississippi. Defendant, Hirschbach Motor Lines, Inc., was negligent in the following particulars, including but not limited to:

(a) failing to keep proper lookout;

(b) failing to maintain the appropriate speed of his vehicle;

(c) inattention while driving;

(d) failing to abide by the laws of the State of Mississippi;

(e) driving in a careless and/or reckless manner;

(f) failing to maintain control of his vehicle;

(g) failing to take evasive action to avoid striking the automobile being driven by Judith Cain Bass; and

(h) other acts of negligence as will be more fully shown at trial.

The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Hirschbach Motor Lines, Inc., resulted in the Plaintiffs' damages.

V.

NEGLIGENCE (WILLIE B. JAMES, JR.)

15. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

16. At the time and on the occasion in question, Defendant, Willie B. James, Jr., possessed a duty of ordinary care while operating a commercial vehicle in the State of Mississippi. Defendant, Willie B. James, Jr., was negligent in the following particulars, including but not limited to:

(a) failing to keep proper lookout;

(b) failing to maintain the appropriate speed of his vehicle;

(c) inattention while driving;

(d) failing to abide by the laws of the State of Mississippi;

(e) driving in a careless and/or reckless manner;

(f) failing to maintain control of his vehicle;

(g) failing to take evasive action to avoid striking the automobile being driven by Judith Cain Bass; and

(h) other acts of negligence as will be more fully shown at trial.

The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Willie B. James, Jr.., resulted in the Plaintiffs' damages.

VI.

NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

17. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

18. Upon information and belief, Defendant, Hirschbach Motor Lines, Inc., was negligent in hiring, retaining, supervising and/or control its employee, servant, and/or agent, Willie B. James, Jr. . Hirschbach had a duty to exercise ordinary care in the hiring, supervising and training of its employee drivers, as well as in the maintenance of its vehicles. Defendant, Hirschbach Motor Lines, Inc., breached that duty in the following respects, among others:

(a) failing to adequately inquire into the competence of employee, agent or servant, Willie B. James, Jr. ;

(b) failing to adequately train Willie B. James, Jr. ;

(c) failing to adequately service and maintain its vehicles in a safe condition;

(d) failing to properly supervise Willie B. James, Jr. ;

(e) failing to properly monitor Willie B. James, Jr. 's driving hours and logs;

(f) failing to require Willie B. James, Jr. to maintain logs and records; and

(g) failing to comply with industry standards and regulations regarding records and supervision of drivers.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Hirschbach Motor Lines, Inc., resulted in the Plaintiff's damages.

VII.

GROSS NEGLIGENCE

19. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

20. The actions of these Defendants when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs herein, and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiffs is entitled to the recovery of punitive damages.

21. These Defendants were grossly negligent inasmuch as it should have been on notice as to any previous negligent act(s) and/or omission(s) of its employee, agent, and/or servant Willie B. James, Jr. in the following particulars, among others:

(a) failing to keep proper lookout on previous occasions;

(b) failing to maintain the appropriate speed of his vehicle on previous occasions;

(c) inattention while driving on previous occasions;

(d) failing to abide by the laws of any state on previous occasions;

(e) driving in a careless and reckless manner on previous occasions;

(f) failing to maintain control of his vehicle on previous occasions;

(g) failing to take evasive action to avoid striking another vehicle on previous occasions; and

(h) other acts of negligence as will be more fully shown at trial.

The above acts constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Colonial Freight Systems, Inc., resulted in the Plaintiffs' damages.

VIII.

RESPONDEAT SUPERIOR

22. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

23. Defendant, Willie B. James, Jr., was in the course and scope of his employment with Defendant, Hirschback Motor Lines, Inc., at all relevant times immediately subsequent and preceding the accident in question, and therefore, Defendant, Hirschback Motor Lines, Inc., is liable for the negligence of its employee Willie B. James, Jr.

IX.

LOSS OF CONSORTIUM

24. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

25. As a result of the accident in question, Plaintiff, John Bass, has suffered a loss of the economic, social, physical, societal and emotional benefits previously provided by his wife, Judith Cain Bass.

X.

PUNITATIVE DAMAGES

26. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of these Defendants constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

XI.

28. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

XII.

29. Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This the 1st day of May, 2014.

Respectfully submitted,

JUDITH CAIN BASS AND JOHN BASS

BY: ______________________________
Warren L. Martin, Jr.
Reeves Jones

*Attorneys for the Plaintiffs*

Of Counsel:
Warren L. Martin, Jr., MSB #101528
WARREN L. MARTIN, JR, P.A.
Attorney At Law
Post Office Box 1870
Jackson, Mississippi 39215
351 Edgewood Terrace Drive
Jackson, Mississippi 39206
Phone: (601) 918-8590
Office: (769) 257-6052
Facsimile: (769) 257-6596

and

Reeves Jones, Esq., MSB # 3200
Attorney at Law
Post Office Box 742
Jackson, Mississippi 39205-0742
Phone: (601) 354-3794
Facsimile: (601) 354-3792