```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION


JUDITH CAIN BASS and JOHN BASS                          PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:14CV360TSL-JCG

HIRSCHBACH MOTOR LINES, INC.;
WILLIE B. JAMES, JR.; and
JOHN DOES 1-5                                           DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Hirschbach Motor Lines, Inc. (Hirschbach) and Willie J. Brown, Jr. pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to the claims of plaintiffs Judith Cain Bass and John Bass for punitive damages. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be denied as to Brown but granted as to Hirschbach.

This case arises out of an automobile accident in which a tractor-trailer rig operated by Brown in the course and scope of his employment as an employee of Hirschbach, struck the vehicle being operated by plaintiff Judith Bass.[1] According to the

---

[1] Plaintiffs have named Willie B. James, Jr. as the defendant driver of the Hirchsbach tractor-trailer rig. Defendants advise that the correct name of the driver is Willie J. Brown, Jr., and explain that the investigating officer transposed the name of the driver on the accident report. Plaintiffs respond that "[a]t this point in the proceeding, [they] do not even know the defendant driver's real name." For present purposes, the

complaint, at the time of the accident, both vehicles were traveling south on Interstate 55, the Hirschbach vehicle in the middle lane and the Bass vehicle in the right lane next to the front right of the Hirschbach trailer.  Plaintiffs allege that the accident occurred when Brown suddenly moved into the lane of traffic occupied by Judith Bass, striking the rear quarter panel of her vehicle so violently as to knock out all the glass and thrust her vehicle in front of the tractor-trailer, which was traveling approximately 50 to 55 miles per hour.  Plaintiffs allege that Brown "was so inattentive at the time of the collision that he not only failed to check for traffic in the outside lane before moving right, but after striking Mrs. Bass's vehicle ***he pushed it down the interstate an estimated distance of 1/4 mile ... at an estimated speed of 50-55 miles an hour without ever realizing he had struck Mrs. Bass's car***." (Emphasis and bold in original).

In their complaint, plaintiffs alleged claims for negligence against Brown and also against Hirschbach on the basis of *respondeat superior* liability, asserting that Brown failed to keep a proper lookout, failed to maintain the appropriate speed of his vehicle, failed to maintain control of his vehicle, failed to take evasive action to avoid the collision, and was inattentive and

---

court will assume that Hirschbach, through counsel, has accurately reported its driver's name.

drove in a careless and/or reckless manner.  Plaintiffs also asserted claims against Hirchbach for direct liability based on its alleged negligent hiring, retention, supervision and control of Brown, alleging that at the time of hiring, it failed to adequately inquire into Brown's competence as a driver and that it thereafter failed to adequately train, supervise and monitor Brown, failed to adequately service and maintain the subject vehicle, and failed to require Brown to maintain logs and records.  On the basis of their negligence allegations, Judith Bass seeks to recover compensatory damages for the injuries, physical and mental, she sustained as a result of the accident; her husband seeks to recover for loss of consortium.  In addition to their claims for compensatory damages based on simple negligence, plaintiffs also included a demand for punitive damages based on allegations of gross negligence.  The gross negligence count of the complaint states the following:

> Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.
>
> The actions of these Defendants when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.  Defendants had actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs herein, and as such constitutes gross negligence (malice) as that term is defined under Mississippi law.  As a result, Plaintiffs is entitled to the recovery of punitive damages.

> These Defendants were grossly negligent inasmuch as it should have been on notice as to any previous negligent act(s) and/or omission(s) of its employee, agent, and/or servant Willie B. James, Jr. [sic] in the following particulars, among others:
> 
>   (a) failing to keep proper lookout on previous occasions;
>   (b) failing to maintain the appropriate speed of his vehicle on previous occasions;
>   (c) inattentive while driving on previous occasions;
>   (d) failing to abide by the laws of any state on previous occasions;
>   (e) driving in a careless and reckless manner on previous occasions;
>   (f) failing to maintain control of his vehicle on previous occasions;
>   (g) failing to take evasive action to avoid striking another vehicle on previous occasions; and
>   (h) other acts of negligence as will be more fully shown at trial.
> 
> The above acts constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant, Colonial Freight Systems, Inc. [sic], resulted in the Plaintiffs' damages.

Defendant Hirschbach, after admitting vicarious liability for the accident, previously moved the court to dismiss as redundant plaintiffs' claims against it for negligent hiring, training, entrustment, supervision, retention, control, and the like. The court granted that motion by order entered August 26, 2014. Both defendants have now moved for dismissal of plaintiffs' punitive damages claims.[2]

---

[2] Plaintiffs criticize defendants' filing of this second motion to dismiss, arguing that it "begs the question of why they did not include the gross negligence issue in their *first* motion

Rule 12(c) motions are governed by the same standard as Rule 12(b)(6) motions.  In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 209 (5th Cir. 2010).  "The fundamental question is whether the plaintiff states a claim on which relief may be granted."  Morris v. PLIVA, Inc., 713 F.3d 774, 776 (5th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

to dismiss on the pleadings."  (Emphasis and bond in original).  However, there is nothing in the Federal Rules of Civil Procedure or the court's local rules precluding defendants' motion.  As one court recently explained:
> Although Rule 12(g)(2) generally prohibits a party from making successive Rule 12 motions, this prohibition does not apply to a motion for judgment on the pleadings based on a failure to state a claim on which relief can be granted. See Rule 12(g)(2) (" Except as provided in Rule 12(h)(2 ) ... a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion" (emphasis added)), and Rule 12(h)(2) ("Failure to state a claim upon which relief can be granted ... may be raised ... by a motion under Rule 12(c)")....  Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial."  Rule 12(c).

Jones v. Dallas Cnty., No. 3:11-CV-2153-D, 2014 WL 1632154, at *2 n.4 (N.D. Apr. 23, 2014).  Both conditions are satisfied here.

reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" <u>Id.</u> at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  In deciding whether the complaint states a valid claim for relief, the court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." <u>Great Lakes</u>, 624 F.3d at 210.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949 (internal citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557, 127 S. Ct. at 1965).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>, 127 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557, 127 S. Ct. at 1966).

   In the present motion, defendants first argue that plaintiffs have failed to sufficiently plead any punitive conduct whatsoever on the part of defendant Brown.  Pursuant to Mississippi Code Annotated § 11-1-65(a),

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

"Gross negligence" has been defined as "that course of conduct which, under the particular circumstances, disclosed a reckless indifference to consequences without the exertion of any substantial effort to avoid them." Turner v. City of Ruleville, 735 So. 2d 226, 229 (Miss. 1999). While the concept of gross negligence does not encompass ordinary inadvertence or inattention, in the court's opinion, plaintiffs' allegations in the case at bar suggest an extreme degree of inattention on Brown's part which might be found to constitute gross negligence. That is not to say that the court considers plaintiffs' allegations to have merit. Rather, the court merely concludes that the claim against Brown for punitive damages is not subject to dismissal on the pleadings. Cf. Buckalew v. Schneider Nat. Carriers, Inc., No. 3:13CV189-LG-JCG, 2014 WL 4146654, at *2 (S.D. Miss. Aug. 19, 2014) (concluding on summary judgment motion that driver's initial failure to brake after impact with the plaintiffs' vehicle was merely simple negligence, as opposed to reckless conduct in disregard for the plaintiffs' safety). Accordingly, the court will deny the motion to dismiss as to Brown.

Turning to Hirschbach, the fact that the court has previously dismissed the independent simple negligence claims against Hirschbach for compensatory damages does not automatically foreclose plaintiffs' punitive damages claims against this defendant.  See Dinger v. American Zurich Ins. Co., No. 3:13-CV-46-MPM-SAA, 2014 WL 580889, at *3 (N.D. Miss. Feb. 13, 2014) (stating, "If derivative liability is established, other avenues—like punitive damages claims—will provide a route for recovery in the event an employer's culpability exceeds that of its employee's imputed negligence.") (internal quotation marks and citation omitted); Roberts v. Ecuanic Exp., Inc., No. 2:12-CV-84-KS-MTP, 2012 WL 3052838, at *2 (S.D. Miss. July 25, 2012) (holding that "a plaintiff's independent claims for punitive damages against an employer may proceed despite the employer's admission that its employee was acting in the course and scope of employment").  That said, plaintiffs cannot recover punitive damages from Hirschbach on a theory of vicarious liability.  See See Buckalew, 2014 WL 4146654, at *2-3 (holding that plaintiffs could not recover punitive damages from driver's employer "because a punitive damages claim cannot be based on vicarious liability"); Dinger, 2014 WL 580889, at *4 (concluding that under Mississippi law, "punitive damages are not recoverable from the employer based on their employee's actions") (citing Miss. Code Ann. § 11-1-65, which prohibits vicarious liability for punitive damages).  The

question, therefore, is whether plaintiffs have adequately alleged a factual basis on which Hirschbach could be found to have acted "with actual malice, [or] gross negligence which evidences a willful, wanton or reckless disregard for the safety of others...." Miss. Code Ann. § 11-1-65(a).

In Iqbal, the Supreme Court held that

> a court considering a motion to dismiss can choose to
> begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the
> assumption of truth.  While legal conclusions can
> provide the framework of a complaint, they must be
> supported by factual allegations.  When there are
> well-pleaded factual allegations, a court should assume
> their veracity and then determine whether they plausibly
> give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950.  Plaintiffs' punitive damages allegations against Hirschbach consist largely of legal conclusions, i.e., Hirschbach "proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs herein," and as such was grossly negligent.  Yet the complaint is devoid of factual allegations to back up these charges. Plaintiffs allege that Hirschbach was grossly negligent because it "should have been on notice as to any previous negligent act(s) and/or omission(s) of" Brown, including any previous occasion(s) when Brown may have failed to keep a proper lookout, failed to maintain the appropriate speed of his vehicle, was inattentive while driving, drove in a careless or reckless manner, failed to maintain control of his vehicle, or failed to take evasive action

to avoid striking another vehicle. Yet there is no allegation that Brown in fact engaged in any of the referenced acts and/or omissions on previous occasions. Rather, plaintiffs appear to allege that had he done so, then Hirschbach should have known of such acts and/or omissions and therefore was grossly negligent in allowing him to operate the tractor-trailer on the occasion of the subject accident. As Hirschbach aptly contends, plaintiffs have cited nothing more than bare, conclusory allegations of unknown conduct that occurred (or may have) occurred on previous unidentified occasions. Such allegations may fairly be characterized as "naked assertions" lacking in factual substance and clearly are insufficient to state a viable claim against Hirschbach that would support the recovery of punitive damages.

In response to the motion, plaintiffs point out that in addition to their allegations relating to what Hirschbach should have known regarding Brown's driving record, their complaint includes allegations against Hirschbach of negligent training, supervision, retention, control and monitoring of Brown, which allegations are incorporated by reference in their gross negligence count. However, no factual content is provided as support for these obviously conclusory allegations either.[3]

---

[3] Plaintiffs further assert that "the remarkable facts of the accident place into issue the operator's lack of skill and whether Hirschbach knew or should have known about its operator's apparent lack of skill, knowledge and/or training." The court rejects plaintiffs' argument. Clearly, there is no reasonable

10

The court acknowledges plaintiffs' argument that discovery will reveal what Hirshbach knew or should have known about Brown when it hired him; and they submit that "exactly what it knew or did not know can certainly be relevant to issues of gross negligence at least sufficient to defeat a motion on the pleadings."  Federal Rule of Civil Procedure 11(b)(3) recognizes that there can be cases in which there will be a need for discovery to develop the factual circumstances underlying a claim. See Trinity Gas Corp. v. City Bank & Trust Co. of Natchitoches, 54 Fed. App'x 591 (5th Cir. 2002); Fed. R. Civ. P. 11(b)(3) (attorney's or party's signature on pleading represents his certification that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").  However, "[i]t is not permissible to file suit and use discovery as the sole means of finding out whether you have a

---

basis for their suggestion that the facts surrounding the accident itself could somehow give rise to an inference that Hirschbach should have known prior to the accident that Brown was an unsafe driver.  See Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (court "is not required to indulge in unwarranted inferences in order to save a complaint from dismissal")(quotation and citation omitted); see also Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (facts alleged must be sufficient for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1955).

11

case.  Discovery fills in the details, but you must have the outline of a claim at the beginning." Szabo Food Serv. v. Canteen Corp., 823 F.2d 1073, 1083 (7th Cir. 1987).

Based on the foregoing, the court concludes that plaintiff's complaint fails to state a valid claim for relief with respect to punitive damages against Hirschbach as plaintiffs have not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Hirschbach's motion to dismiss plaintiffs' punitive damages claim against it will therefore be granted.

Accordingly, it is ordered that defendants' motion for judgment on the pleadings as to plaintiffs' claim for punitive damages is denied as to defendant Brown but granted as to defendant Hirschbach.

SO ORDERED this 10th day of October, 2014.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE